**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00017-NYW-MEH

MORDHORST CLEANING, LLC, d/b/a BLUE RIBBON EXTERIORS & CONSTRUCTION,

    Plaintiff,

v.

AMERICAN STRATEGIC INSURANCE CORP.,

    Defendant.

___

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**
___

This matter is before the Court on the Motion to Strike Defendant's Fourth, Fifth, Sixth and Seventh Affirmative Defenses Contained in Defendant's Answer to Plaintiffs First Amended Complaint and Jury Demand Pursuant To F.R.C.P. 12(f)(2) and F.R.C.P. (9)(b) (the "Motion to Strike Affirmative Defenses") filed by Plaintiff Mordhorst Cleaning, LLC, d/b/a Blue Ribbon Exteriors & Construction ("Plaintiff" or "Blue Ribbon").  [Doc. 48, filed June 4, 2024].  The Court ordered expedited briefing in this matter and precluded replies absent leave of Court.  *See* [Doc. 52]; *see also* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").  Defendant American Strategic Insurance Corporation ("Defendant" or "ASIC") filed a Response on June 14, 2024.  [Doc. 53].  Having reviewed the Parties' briefing, the docket, and the applicable law, this Court respectfully **GRANTS** Plaintiff's Motion to Strike Affirmative Defenses, but **GRANTS** leave to Defendant to seek amendment of its Answer

to the First Amended Complaint, consistent with the guidelines of this Order, no later than **July 2, 2024**—after a robust meet and confer with Plaintiff.

## BACKGROUND

The following facts are drawn from the docket and operative pleadings and are presumed to be true for the purposes of this Order. ASIC insured property located at 50 Forsyth Drive, Longmont, Colorado 80504 (the "Property") under Policy Number COA118935 (the "Policy") that was used as a primary residence by Amy Ledbetter and Frederick Crabtree (the "Insureds"). [Doc. 41 at ¶ 6]. On April 8, 2021, the Insureds suffered a loss at the Property due to a water leak under the kitchen sink. [*Id.* at ¶ 13; Doc. 17 at 2]. Shortly thereafter, a claim was opened with Defendant for the loss (the "Claim"). [Doc. 41 at ¶ 13].

On May 5, 2021, Defendant estimated that the total replacement cost value of the Claim was $15,309.36. [*Id.* at ¶ 14]. The Insureds then retained a public adjuster who, on July 21, 2021, estimated the total replacement cost value at $36,209.73. [*Id.* at ¶ 16]. A copy of the estimate was sent to Defendant shortly thereafter. [*Id.*]. Over the next year and a half, the Insureds and Defendant continued to disagree over the scope of the Claim and the materials to be used. *See generally* [*id.* at ¶¶ 6–42].

Plaintiff initiated this action in Colorado state court on November 16, 2022 against Defendant, asserting three causes of action: (1) breach of contract; (2) unreasonable delay or denial pursuant to Colo. Rev. Stat. §§10-3-1115,10-3-1116 ("statutory bad faith"); and (3) common law bad faith.[1] [Doc. 4]. ASIC removed the action to the United States

---

[1] The Insureds hired Plaintiff as the Contractor for the repairs needed in connection with the Claim. [Doc. 17 at 3]. As part of that contract, the Insureds assigned to Blue Ribbon their claims against ASIC. [*Id.*].

2

District Court for the District of Colorado on January 4, 2023. [Doc. 1]. On January 17, 2023, ASIC filed an Answer to the original Complaint. [Doc. 12]. On February 23, 2023, the Honorable Michael E. Hegarty entered a Scheduling Order in this matter. [Doc. 17]. The Scheduling Order set a deadline for amendment of pleadings of April 3, 2023. [*Id.* at 12]. The deadline for discovery was originally October 20, 2023, [*id.*], but was later extended to May 21, 2024, [Doc. 38].

On May 1, 2024, Plaintiff filed an Unopposed Motion for Leave to File Plaintiff's First Amended Complaint and Jury Demand. [Doc. 39]. This Court granted the motion the same day, and the First Amended Complaint was docketed on May 2, 2024. [Doc. 41]. In the operative First Amended Complaint, Blue Ribbon asserts two causes of action: (1) statutory bad faith; and (2) common law bad faith. [*Id.* at 8]. ASIC then filed an Answer to the First Amended Complaint on May 15, 2024. [Doc. 45]. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff now seeks to strike Defendant's fourth, fifth, sixth and seventh affirmative defenses, which assert:

> (4) Plaintiff's claims are barred or reduced by the Policy's express terms, conditions, exclusions, endorsements, amendments and other provisions, and must be determined in accordance with those terms, conditions, and exclusions of the Policy and all endorsements and amendments thereto, including but not limited to the Policy's anti-misrepresentation (Concealment or Fraud) and cooperation clauses which Plaintiff violated by submitted inflated and fabricated estimates and invoices and by concealing the actual costs of the work;
>
> (5) Plaintiff's specific claims for coverage are subject to, and limited by, the terms and conditions of the Policy, including but not limited to the insuring agreement(s), policy conditions, coverage limits, definitions, endorsements and exclusions to coverage, including but not limited to the Policy's anti-misrepresentation and cooperation clauses, and all benefits under the Policy have been timely paid;
>
> (6) Plaintiff's claims are barred, in whole or in part, by the failure to satisfy one or more conditions precedent to coverage under the Policy, including

but not limited to, the duty to cooperate with ASIC in the investigation and processing of the claim, as set forth in Section I – Conditions of the Policy, and the anti-misrepresentation clause, also set forth in Section I – Conditions of the Policy, which Plaintiff violated by submitting inflated and fabricated estimates and invoices and by concealing the actual costs of the work. Plaintiff's breach of these conditions in the Policy prejudiced ASIC in its investigation and evaluation of the claim; and

(7)  Plaintiff's claims are barred, in whole or in part, for its failure to fully perform the obligations under the Policy or to comply fully with the terms, conditions, exclusions, endorsements, and limitations of the Policy, including but not limited to the anti-misrepresentation and cooperation provisions of the Policy.   Here, for example, Plaintiff and/or its representatives have failed to cooperate with ASIC and provide the requested documentation to substantiate its loss and request for coverage under the Policy, and to take immediate action to prevent further damage to the Property.

[*Id*. at 11–12].  Plaintiff contends that these affirmative defenses were not previously asserted by ASIC; the amendments to the ASIC's defenses were not appropriately triggered by the amendment of the operative pleading; and the amendments do not meet the requirements for pleading fraud pursuant to Rule 9(b).  *See generally* [Doc. 48].  ASIC disagrees, arguing that the affirmative defenses at issue are not new; Plaintiff was aware that ASIC was pursuing a defense arising from an alleged "breach of the anti-misrepresentation clause"; and that Rule 9(b) does not apply to ASIC's contractual defenses, but even if it did, ASIC satisfied the requirements of the Rule.  *See generally* [Doc. 52].

## LEGAL STANDARDS

**I.    Rule 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The purpose of Rule 12(f) is to save the time and money that would be

4

spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993).  However, motions to strike under Rule 12(f) are disfavored.  *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985); *see also Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (describing Rule 12(f) motions as a "generally-disfavored, drastic remedy").  Indeed, courts within this district have recognized that defenses should not be stricken "if there is any real doubt" about their validity, and that "the benefit of any doubt should be given to the pleader."  *Chavaria v. Peak Vista Cnty. Health Ctrs.*, No. 08-cv-01466-LTB-MJW, 2008 WL 4830792, at *1 (D. Colo. Nov. 5, 2008) (quotation omitted).

II.     **Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure provides that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).  To plead fraud with particularity, a complaint must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991)).

When a claim fails to satisfy Rule 9(b), its dismissal is treated as a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  *See Ambraziunas v. Bank of Boulder*, 846 F. Supp. 1459, 1462 (D.Colo.1994).  Some courts within this district have held that the requirement that a complaint set forth sufficient

5

factual matter allowing for a reasonable inference that the pleader is entitled to relief, as set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), does not apply to affirmative defenses.  *See Alarid v. Biomet, Inc.*, No. 14-cv-02667-REB-NYW, 2015 WL 6376171, at *2 (D. Colo. Sept. 22, 2015); *Nigro v. Encompass Indem. Co.*, No. 14-cv-03464-MEH, 2015 WL 855069, at *2 (D. Colo. Feb. 26, 2015) (applying Rule 8, not Rule 9(b), to affirmative defense invoking fraud and material misrepresentation); *Malibu Media, LLC v. Benson*, No. 13-cv-02394-WYD-MEH, 2014 WL 2859618, at *2 (D. Colo. June 20, 2014) (holding that "[a]n affirmative defense is sufficient if stated 'in short and plain terms' pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstances").  Others have held that Rule 9(b)'s pleading requirements apply to affirmative defenses as well as claims for relief.  *See Owners Ins. Co. v. Stahl*, No. 18-cv-00230-CMA-SKC, 2019 WL 5095711, at *6 (D. Colo. May 31, 2019); *Sala v. United States*, No. 05-cv-00636-LTB-OES, 2007 WL 867937, at *2 (D. Colo. Mar. 20, 2007).

## ANALYSIS

### I. ASIC Was Required to Seek Leave to Amend Before Asserting Its Fourth, Fifth, Sixth and Seventh Affirmative Defenses

Plaintiff argues that the fourth, fifth, sixth, and seventh Affirmative Defenses are new, and under the "moderate" approach, ASIC was required to seek leave before amending its affirmative defenses.  [Doc. 48 at 4].  Defendant does not take a position as to the applicable approach, *see generally* [Doc. 53], but rather argues that its fourth, fifth, sixth and seventh affirmative defenses are not new, [*id.* at 6–8].

6

***Whether the Affirmative Defenses Are New.***  This Court first turns to the inquiry as to whether Defendant's fourth, fifth, sixth and seventh affirmative defenses are new by comparing the two pleadings:

| **Original Answer** | **Amended Answer** |
|---|---|
| Plaintiff's claims are barred or reduced by the Policy's express terms, conditions, exclusions, endorsements, amendments, and other provisions, and must be determined in accordance with those terms, conditions, and exclusions of the Policy and all endorsements and amendments thereto. [Doc. 12 at 11, ¶ 4]. | Plaintiff's claims are barred or reduced by the Policy's express terms, conditions, exclusions, endorsements, amendments and other provisions, and must be determined in accordance with those terms, conditions, and exclusions of the Policy and all endorsements and amendments thereto, including but not limited to the Policy's anti-misrepresentation (Concealment or Fraud) and cooperation clauses which Plaintiff violated by submitted inflated and fabricated estimates and invoices and by concealing the actual costs of the work. [Doc. 45 at 11, ¶ 4]. |
| Plaintiff's specific claims for coverage are subject to, and limited by, the terms and conditions of the Policy, including but not limited to the insuring agreement(s), policy conditions, coverage limits, definitions, endorsements and exclusions to coverage and all benefits under the Policy have been timely paid. [Doc. 12 at 12, ¶ 5]. | Plaintiff's specific claims for coverage are subject to, and limited by, the terms and conditions of the Policy, including but not limited to the insuring agreement(s), policy conditions, coverage limits, definitions, endorsements and exclusions to coverage, including but not limited to the Policy's anti-misrepresentation and cooperation clauses, and all benefits under the Policy have been timely paid. [Doc. 45 at 11, ¶ 5]. |
| Plaintiff's claims are barred, in whole or in part, by the failure to satisfy one or more conditions precedent to coverage under the Policy, including but not limited to, the duty to cooperate with ASIC in the investigation and processing of the claim, as set forth in Section I – Conditions of the Policy. Plaintiff's breach of these conditions in the Policy prejudiced ASIC in its investigation and evaluation of the claim. [Doc. 12 at 12, ¶ 6]. | Plaintiff's claims are barred, in whole or in part, by the failure to satisfy one or more conditions precedent to coverage under the Policy, including but not limited to, the duty to cooperate with ASIC in the investigation and processing of the claim, as set forth in Section I – Conditions of the Policy, and the anti-misrepresentation clause, also set forth in Section I – Conditions of the Policy, which Plaintiff violated by submitting inflated and fabricated estimates and invoices and by |

7

| Original Answer | Amended Answer |
|---|---|
|  | concealing the actual costs of the work. Plaintiff's breach of these conditions in the Policy prejudiced ASIC in its investigation and evaluation of the claim.  [Doc. 45 at 11, ¶ 6]. |
| Plaintiff's claims are barred, in whole or in part, for its failure to fully perform the obligations under the Policy or to comply fully with the terms, conditions, exclusions, endorsements, and limitations of the Policy.  Here, for example, Plaintiff and/or its representatives have failed to cooperate with ASIC and provide the requested documentation to substantiate its loss and request for coverage under the Policy, and to take immediate action to prevent further damage to the Property.  [Doc. 12 at 12, ¶ 7]. | Plaintiff's claims are barred, in whole or in part, for its failure to fully perform the obligations under the Policy or to comply fully with the terms, conditions, exclusions, endorsements, and limitations of the Policy, including but not limited to the anti-misrepresentation and cooperation provisions of the Policy.  Here, for example, Plaintiff and/or its representatives have failed to cooperate with ASIC and provide the requested documentation to substantiate its loss and request for coverage under the Policy, to take immediate action to prevent further damage to the Property, and have intentionally misrepresented the costs of the work in connection with the claim by submitting grossly inflated and fabricated estimates and invoices and concealing the actual costs of the work.  [Doc. 45 at 12, ¶ 7]. |

Based on this Court's comparison of the asserted affirmative defenses, this Court concludes that the fourth, fifth, sixth, and seventh affirmative defenses as set forth in the Amended Answer are new.  These affirmative defenses do not merely provide examples of the affirmative defenses set forth in the original Answer, but rather they change the very nature of the asserted affirmative defenses from a generic pleading to a specific allegation of misrepresentation and fraud.  *See supra*.  Indeed, long rooted in the Federal Rules is the understanding that allegations of fraud and misrepresentation are distinct from other types of claims and defenses, i.e., "special matters."  *See* Fed. R. Civ. P. 9.

***Application of the Moderate Approach****.*  Whether a defendant may file new affirmative defenses as of right in response to an amended complaint and to what extent they must comply with Rule 15 of the Federal Rules of Civil Procedure is subject to a range of approaches.  See *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-01511-WYD-NYW, 2016 WL 1258552, at *2–3 (D. Colo. Mar. 31, 2016). These approaches include:  (1) the permissive approach—which allows a defendant served with an amended complaint to amend its counterclaims without leave of court, regardless of the scope of changes made to the amended complaint; (2) the narrow approach—which permits amended counterclaims as of right only if they directly relate to the changes in the amended complaint; and (3) the moderate approach—leave to file an amended counterclaim is not required if the amended complaint changes the theory or scope of the case; otherwise leave is required.  See *Woods v. Nationbuilders Ins. Servs. Inc.*, No. 11-cv-02151-CMA-KMT, 2014 WL 1213381, at *1 (D. Colo. Mar. 24, 2014); *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-cv-00139-RJS, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013) (discussing the permissive, narrow, and moderate approaches).

Here, this Court concludes that the Amended Complaint did not change the theory or scope of the case, and thus, ASIC should have first sought leave from the Court before asserting affirmative defenses rooted in fraud and misrepresentation that change the complexion of the defenses.  Ordinarily, a party seeking to amend pleadings after the deadline set in the Scheduling Order must satisfy a two-tier inquiry to permit amendment. *Gale v. City & Cnty. of Denver*, 962 F.3d 1189, 1195 (10th Cir. 2020) ("[A] party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.") (quoting *Husky Ventures,*

9

*Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018)). Under these specific circumstances, this Court will suspend Defendant's obligation to meet the Rule 16(b)(4) standard in any forthcoming motion seeking to amend its affirmative defenses because of the lack of legal authority as to whether these affirmative defenses that invoke fraud and mistake, which fall within a more generic affirmative defense, should be considered "new" or not.[2]

---

[2] Having found that ASIC should have sought leave of Court before filing its new affirmative defenses, but suspending ASIC's requirement to satisfy Rule 16(b)(4) in these narrow circumstances, this Court could simply stop here. However, mindful of its duty under Rule 1 of the Federal Rules of Civil Procedure to apply the Rules in a manner that leads to the just, speedy, and economical resolution of disputes, it briefly turns to whether ASIC's current manner of pleading the affirmative defenses runs afoul of Rule 9(b) to assist in any forthcoming motion for leave to amend. Plaintiff contends that the fourth, fifth, sixth, and seventh affirmative defenses as pled in the Answer to the Amended Complaint are deficient for failing to meet Rule 9(b) standards. [Doc. 42 at 8]. While some courts in this District have held that such affirmative defenses do not require pleading to meet Rule 9(b), others, as discussed above, have required the pleading of affirmative defenses to meet Rule 9(b) requirements. And this Court has previously found that affirmative defenses that invoke theories of fraud and/or misrepresentation trigger the Rule 9(b) requirements. *See, e.g., XY, LLC v. Trans Ova Genetics, LC*, No. 17-cv-00944-WJM-NYW, 2022 WL 2716550, at *10 (D. Colo. July 13, 2022), *report and recommendation adopted*, 2022 WL 4298400 (D. Colo. Sept. 19, 2022). It would be inequitable to allow defendants seeking to assert affirmative defenses of fraud—of which they carry the burden of proof—to avoid pleading with particularity when plaintiffs seeking to assert affirmative claims of fraud are required to do so. The purpose of Rule 9(b) is to ensure that the pleading provides sufficient specificity to put the responding party on notice as to the nature of the claim. *See United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018). Generally, courts have interpreted this to mean that the pleading must include factual allegations of the "who, what, when, where and how" of the alleged fraud and/or misrepresentation. *Id.* (quotation omitted). In examining the fourth, fifth, sixth, and seventh affirmative defenses in the Answer to the Amended Complaint, this Court concludes that they adequately meet the requirements of Rule 9(b). Specifically, it identifies who: Plaintiff; what/how: submitted inflated and fabricated estimates and invoices and concealed the actual costs of the work; and when: during the claims process. Thus, to the extent that Plaintiff contends that ASIC has not satisfied Rule 9(b) with the manner by which these affirmative defenses are currently pleaded, this Court respectfully disagrees.

Generally, Rule 15(a) provides that leave to amend shall be "freely granted," Fed. R. Civ. P. 15(a), but amendment may be refused upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In addressing whether Defendant satisfies the Rule 15(a) standard, the Court will be particularly focused upon whether Plaintiff has had an adequate opportunity to seek discovery of ASIC's precise theory of fraud and/or misrepresentation that voids the Policy, e.g., which estimates and/or invoices are allegedly inflated or fabricated, and invoices.[3] Thus, in the context of a robust meet and confer as to whether Plaintiff will continue to oppose an amendment to Defendant's affirmative defenses, the Parties should also confer as to whether any supplemental discovery would cure any concerns regarding prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Strike Defendant's Fourth, Fifth, Sixth and Seventh Affirmative Defenses Contained in Defendant's Answer to Plaintiffs First Amended Complaint and Jury Demand Pursuant To F.R.C.P. 12(f)(2) and F.R.C.P. (9)(b) [Doc. 48] is **GRANTED**;

---

[3] Interrogatory No. 10 did not ask for, and ASIC did not provide, any factual basis for the violation of the Concealment or Fraud provision of the Policy. [Doc. 53-1 at 2–3]. ASIC did not even definitively assert the application of such provision. [*Id.* at 3]. Defendant's general references to its expert reports and "numerous discussions" between counsel regarding the affirmative defenses, *see* [Doc. 53 at 9], do not provide the Court with sufficient detail to make a reasoned determination as to the state of discovery.

(2) The Court **GRANTS** Defendant leave to file a motion to amend its Answer to the First Amended Complaint, consistent with the guidelines of this Order, no later than **July 2, 2024**—after a robust meet and confer with Plaintiff; and

(3) Should Defendant file a motion to amend, any response thereto shall be filed on or before **July 11, 2024**. No replies will be permitted absent leave of Court.

DATED:  June 25, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge